UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACOB LEE VOELKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00055 |
| | § | |
| NUECES COUNTY JAIL MEDICAL STAFF, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Jacob Lee Voelker, proceeding pro se, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff's allegations in his two-page letter complaint arise in connection with his confinement at the Nueces County Jail in Corpus Christi, Texas. (D.E. 1). Plaintiff only provided his home address despite the fact that he was confined at the Nueces County Jail at the time he filed this lawsuit.[1]

In the Clerk's Notice of Deficient Pleading issued on February 19, 2026, Plaintiff was notified that he must do the following within thirty days:

Provide the complete names of all defendants, or as much of the names as are known, and any identifying information (such as gender, race, approximate age), and a complete address for each.

Pay a fee of $405.00 or provide an application to proceed *in forma pauperis* [("IFP")]. The applicant is instructed to attach a certified copy of his inmate trust fund account history containing the deposits and monthly balances for the six month period preceding the filing of this lawsuit. The

---

[1] Plaintiff indicated that he would soon be released from the Nueces County Jail. (D.E. 1, p. 2). It is unclear whether Plaintiff remains at the jail or has been released into the free world

1 / 4

applicant is advised to request a certified copy of his trust account from the unit law librarian.

Complete the attached form(s) and provide the original(s) to the court.

(D.E. 4). The Clerk attached to the Notice of Deficient Pleading a blank 42 U.S.C. § 1983 form and a blank IFP application. (D.E.'s 4-1 & 4-2). Plaintiff was warned that his failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (D.E. 4). The Notice of Deficient Pleading was mailed to Plaintiff's home address, and Plaintiff failed to respond to it.

On March 26, 2026, the undersigned entered an Order directing Plaintiff to show cause why this case should not be dismissed for want of prosecution. (D.E. 5). Out of an abundance of caution, the undersigned directed the Clerk to send the March 26 Show Cause Order to both Plaintiff's home address on the docket and his address at the Nueces County Jail. *Id.* at 3. The March 26 Order directed Plaintiff that he would comply by:

- **EITHER PAYING** the $405.00 filing fee **OR SUBMITTING** a completed IFP application along with a copy of his inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint; **AND**

- **SUBMITTING** the completed § 1983 form.

*Id.* at 2. Plaintiff was warned that his failure to comply would result in the undersigned recommending to the district court that Plaintiff's case be dismissed without prejudice for want of prosecution. *Id.*

To date, Plaintiff has not responded to the Court's March 26 Show Cause Order.[2] A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). Plaintiff has failed to satisfy the requirements to pursue this case and has not complied with the Court's orders. The Court has advised Plaintiff through a Notice of Deficient Pleading (D.E. 4) and the March 26 Show Cause Order (D.E. 5), that this action would be subject to dismissal if he failed to comply with these Court orders. Despite the Court's warnings and opportunities to remedy this case's deficiencies, Plaintiff has failed to follow court orders by: (1) either paying the filing fee or applying to proceed *in forma pauperis*; and (2) submitting a completed § 1983 form.

For these reasons, the undersigned recommends that Plaintiff's case be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to send this Memorandum and Recommendation by certified mail to Plaintiff's home address listed on the docket **AND** the following address:

> Jacob Lee Voelker
> Inmate # 20024182
> P.O. Box. 1529
> Corpus Christi, Texas 78403-1529

---

[2] Court records reflect that the March 26 Order mailed to his home address has been returned as undeliverable with the notations "return to sender[,]" "unclaimed[,]" and "unable to forward[.]" (D.E. 7, p. 1).

ORDERED on April 20, 2026.

_____
Julie K. Hampton
United States Magistrate Judge